IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| RUSSELL JARBOE d/b/a<br>RJ's BROKERAGE & PLANTS | § § § § | CASE NO. 06-36313 |
| DEBTOR | § § § § | |

## MEMORANDUM OPINION ON THE TRUSTEE'S AMENDED OBJECTION TO DEBTOR'S EXEMPTIONS

### I. INTRODUCTION

This Memorandum Opinion addresses the issue of whether under Texas law, an inherited individual retirement account (IRA) from a non-spouse may be claimed as an exemption from the bankruptcy estate. Russell Jarboe (the Debtor) claimed that his inherited IRA was exempt from the bankruptcy estate pursuant to Texas state law. Joseph M. Hill (the Trustee) objected to the claim of exemption, asserting that (1) under Texas Property Code § 42.0021, an IRA is exempt unless it "does not qualify under the applicable provisions of the Internal Revenue Code of 1986"; (2) an inherited IRA is sufficiently different from a non-inherited IRA that it "does not qualify"; and (3) the Debtor's exemption should therefore be disallowed.

Thus, the issue presented in this case reduces to whether under Texas Property Code § 42.0021, an inherited IRA "does not qualify under the applicable provisions of the Internal Revenue Code of 1986." This is a matter of first impression before this Court. For the reasons set forth

below, this Court holds that under Texas Property Code § 42.0021, an inherited IRA may not be claimed as exempt.

On February 27, 2007, this Court held a hearing in the above-referenced case. The Court makes the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II. FINDINGS OF FACT

The principal facts of this case are not in dispute. The parties only disagree on the legal issue: whether an IRA inherited from a non-spouse may be claimed as an exemption under Texas Property Code § 42.0021. The facts, as stipulated to or admitted by counsel of record, or as admitted in the briefs and filings, or as adduced from the introduction of exhibits, are as follows:

1. On November 22, 2002, Patsy J. Hockaday Jarboe, the Debtor's mother, died, leaving the Debtor her entire interest in her IRA. Patsy J. Hockaday Jarboe had not yet reached the age of 70 ½ and had not yet begun to receive any money from her IRA. [Debtor's Exhibit 1.]

2. On June 23, 2003, a trustee-to-trustee transfer created an inherited individual retirement account at Morgan Stanley for the benefit of the Debtor. The owner of the new IRA was Patsy J. Hockaday Jarboe (decedent), for the benefit of Russell K. Jarboe (beneficiary). [Debtor's Exhibit 1.]

3. As of October 31, 2006, the value of the new IRA was $49,406.71. [Debtor's Exhibit 1.]

2

4. On November 10, 2006, the Debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code. The Debtor's Schedule C claimed his inherited IRA, valued at $46,467.00, as exempt property under 11 U.S.C. § 522(d)(10)(E). [Docket No. 1, Schedule C.][1]

5. On December 5, 2006, the first meeting of creditors took place. [Docket No. 6.]

6. On January 4, 2007, the Trustee filed his Objection to the Debtor's Claim of Exemptions, asserting that the Debtor's inherited IRA could not be validly claimed as an exemption under 11 U.S.C. § 522(d)(10)(E). The Trustee also alleged that the value of the Debtor's inherited IRA as of October 31, 2006—10 days prior to the filing date—was $49,378.51. [Docket No. 10.][2]

7. On January 24, 2007, the Debtor filed amended Schedules B and C and an amended Summary. In the Debtor's amended Schedule C, the Debtor elected to claim the state exemptions rather than the federal exemptions he claimed in his original Schedule C. Specifically, the Debtor claimed his inherited IRA (still valued at $46,467.00) as exempt under Texas Property Code § 42.0021. [Docket No. 18, Schedule C.]

8. On January 24, 2007, the Debtor filed his Response to Trustee's Objection to Exemptions and Request for Hearing. In his Response, the Debtor asserted he had not received any distributions from his inherited IRA, and lacked sufficient information to determine if he was entitled to an immediate right to payment from it. [Docket No. 19.]

---

[1] In this Memorandum Opinion, all references to docket numbers relate to the docket sheet in Case No. 06-36313, unless otherwise noted.

[2] The copy of the IRA statement is of poor quality, and it appears that the Trustee only included the value of the mutual funds ($49,378.61), without adding the value of the money market funds and bank deposits ($28.10). Additionally, the cents figure of the mutual funds appears to be "51," which explains the Trustee's minor numerical error. Only by adding up other numbers in the same column does it become clear that the actual cents figure is "61."

3

9. On February 23, 2007, the Trustee filed his Amended Objection to Debtor's Exemptions, asserting that the Debtor's inherited IRA is not exemptible under Texas Property Code § 42.0021. [Docket No. 23.]

10. On February 27, 2007, this Court held a hearing on the Trustee's Amended Objection to Debtor's Exemptions. Counsel for both parties presented their respective legal arguments and exhibits were admitted into evidence; there was no testimony.

### III. CONCLUSIONS OF LAW

**A.  Jurisdiction and Venue**

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(a), 157(a) and (b)(1). This dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper pursuant to 28 U.S.C. § 1408(1).

**B.  Discussion of the Issues**

The United States Bankruptcy Code[3] provides that upon the filing of a bankruptcy case, all property in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate. 11 U.S.C. § 541 (2006). The Code also provides that debtors may exempt certain property from the claims of creditors. 11 U.S.C. § 522 (2006). Section 522(b)(1) of the Code provides that debtors may elect either the federal exemptions listed in § 522(d) or the relevant state exemptions unless, as provided by § 522(b)(2), a state requires debtors to elect the state exemptions.

---

[3] Hereinafter, all references to "the Code" shall refer to the United States Bankruptcy Code—as opposed to the Internal Revenue Code or the Texas Property Code.

4

In Texas, debtors may elect either the federal exemptions or the state exemptions. *Walden v. McGinnes (In re Walden)*, 12 F.3d 445, 448 (5th Cir. 1994), citing *Matter of Volpe*, 943 F.2d 1451, 1452 (5th Cir. 1991). In the instant case, the Debtor elected the state exemptions.[4]

Specifically, the Debtor claimed his inherited IRA as exempt under § 42.0021 of the Texas Property Code, which is entitled "Additional Exemption for Certain Savings Plans" and states, in relevant part:

> (a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under any stock bonus, pension, profit-sharing, or similar plan, including a retirement plan for self-employed individuals, and under any annuity or similar contract purchased with assets distributed from that type of plan, and under any retirement annuity or account described by Section 403(b) or 408A of the Internal Revenue Code of 1986, and under *any individual retirement account* or any individual retirement annuity, including a simplified employee pension plan, and under any health savings account described by Section 223 of the Internal Revenue Code of 1986, *is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986.*

TEX. PROP. CODE ANN. § 42.0021(a) (Vernon 2006) (emphasis added).

Both parties concede that if the Debtor's mother, Patsy J. Hockaday Jarboe, was the debtor in this case, she could claim the IRA as exempt under the plain language of Texas Property Code § 42.0021(a). However, the Debtor acquired his interest upon the death of his mother, and the

---

[4] The Debtor is not barred from claiming the state exemptions even though the Debtor first elected the federal exemptions, and then, after the Trustee filed an objection to the federal exemptions, elected the state exemptions. Bankruptcy Rule 1009(a) states that a "voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." The Fifth Circuit has interpreted this rule to mean that in a voluntary bankruptcy case, a court shall allow a debtor to amend his schedule of exemptions before the case is closed, absent a creditor's showing of the debtor's bad faith or prejudice to the creditors. *Matter of Sandoval*, 103 F.3d 20, 21 (5th Cir. 1997); *Matter of Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986). In the case at bar, the Trustee did not argue that the Debtor's amendment of his Schedule C was in bad faith or prejudicial.

Internal Revenue Code characterizes his interest as an "[i]nherited individual retirement account." 26 U.S.C. § 408(d)(3)(C)(ii) (2006).[5]

Whether an inherited IRA may be claimed as exempt under the same rules applicable to a non-inherited IRA appears to be a case of first impression within the Fifth Circuit. During a well-argued hearing, neither party provided any case law precedent directly on point, and the Court was similarly unable to find any during its own research. That said, several bankruptcy cases from other jurisdictions illustrate a growing trend against allowing debtors to claim inherited IRAs as exempt from their respective bankruptcy estates. *In re Kirchen*, 344 B.R. 908 (Bankr. E.D. Wisc. 2006); *In re Taylor*, 2006 WL 1275400 (Bankr. C.D. Illinois 2006); *In re Navarre*, 332 B.R. 24 (Bankr. M.D. Ala. 2004); *In re Greenfield*, 289 B.R. 146 (Bankr. S.D. Cal. 2003); *In re Sims*, 241 B.R. 467 (Bankr. N.D. Okla. 1999).

The cases from other jurisdictions exemplify "the reluctance of bankruptcy courts to allow exemptions of non-debtor funded IRAs." *Kirchen*, 344 B.R. 908, 910. But as the cases all interpret other states' exemption statutes—each one worded differently than Texas' exemption statute—they do little to clarify whether an inherited IRA would be exempt under Texas state law. To answer that question, it is necessary to analyze the language of the Texas exemption statute.

---

[5] The Internal Revenue Code analyzes IRAs acquired by spouses and IRAs inherited by non-spouses in starkly different terms. IRAs inherited by spouses are accorded preferential treatment under the Internal Revenue Code: in general, a surviving spouse who inherits an IRA can either treat the IRA as her own (and roll it over into an existing IRA, if desired), treat herself as the beneficiary of the IRA, or disclaim the IRA entirely. *See* 26 U.S.C. § 401(a)(9)(B)(iv) (2006), 26 U.S.C. § 408(d)(3)(C) (2006); 26 C.F.R. § 1.401(a)(9)-3 (2007), 26 C.F.R. § 1.408-8 (2007). *See also* INTERNAL REVENUE SERVICE, U.S. DEP'T OF THE TREASURY, PUBLICATION 590: INDIVIDUAL RETIREMENT ARRANGEMENTS (IRAs) 20 (2006). Internal Revenue Code § 408(d)(3)(C)(ii) specifically states that IRAs inherited by a surviving spouse shall not be treated as inherited. The discussion in the case at bar, however, centers upon "inherited IRAs"— that is, IRAs inherited by non-spouses. At the risk of belaboring the point, the Court wishes to ensure that the reader understands the distinction in nomenclature: under the Internal Revenue Code, an IRA inherited by a spouse is not considered an "inherited IRA," while an IRA inherited by someone other than a spouse is considered an "inherited IRA."

The plain language of § 42.0021 of the Texas Property Code appears to demonstrate that any IRA is presumptively exempt. A recapitulation of this section, with judicious use of ellipses, produces the following citation: "a person's right to the assets held in ... any individual retirement account ... is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986." TEX. PROP. CODE ANN. § 42.0021(a) (Vernon 2006).

Texas also has a longstanding rule of liberal construction of exemption statutes in favor of the debtor. The Fifth Circuit has noted:

> [W]e are given more than firm guidance in our interpretation by the Texas courts' longstanding admonition that exemption statutes are to be liberally construed in favor of the claimant. The Texas Supreme Court has stated that "our exemption laws should be liberally construed in favor of express exemptions, and should never be restricted in their meaning and effect so as to minimize their operation upon the beneficent objects of the statutes. Without doubt the exemption would generally be resolved in favor of the claimant."

*Walden*, 12 F.3d at 448, quoting *Hickman v. Hickman*, 149 Tex. 439, 443-44 (1950).

It is the burden of the party claiming an exemption under § 42.0021 of the Texas Property Code to prove that he is entitled to it. *Lozano v. Lozano* 975 S.W.2d 63, 67 (Tex. App-Houston [14th Dist.] 1998, pet. denied). But combined with the liberal rule of construction, evidence that an account is an IRA is sufficient to establish that it is exempt, unless evidence is presented that the IRA does not qualify for exempt treatment under the Internal Revenue Code. *See id.*

This Court therefore turns to the question of what "qualified" means under § 42.0021 of the Texas Property Code. Two Fifth Circuit cases—*Matter of Youngblood*, 29 F.3d 225 (5th Cir.1994) and *Matter of Plunk*, 2007 WL 731386 (5th Cir. 2007)—offer some guidance.

*Youngblood* notes that "qualified" is a term of art in the Internal Revenue Code. Retirement savings plans must comply with Internal Revenue Code restrictions in order to be deemed "qualified." *Youngblood*, 29 F.3d at 227-28.

What does this mean? Put simply, it is not enough for an account merely to be called an IRA; the account must also satisfy the hallmarks of an IRA. As the Fifth Circuit held in *Plunk*, a retirement savings plan may be qualified structurally, but not operationally. *Plunk*, 2007 WL 731386, at 1. In *Plunk*, the debtor's self-administered pension plan had been deemed structurally qualified upon its creation by the IRS, but the debtor's subsequent abuse (e.g., using the plan to pay personal bills) rendered it operationally unqualified, and no longer exempt.[6] *Id.* Similarly, an IRA that has been established fraudulently—for example, opened by a debtor just days before filing for bankruptcy—would also not be exempt.

Compliance with the Internal Revenue Code in the context of an IRA is more than allowing a taxpayer to delay the payment of taxes until a distribution is taken; as the court in *Kirchen* noted, it requires "compliance in the context of retirement." *Kirchen*, 344 B.R. at 913. Section 408(a) of the Internal Revenue Code delineates the threshold requirements for an IRA to qualify for preferential tax treatment:

> (a) Individual retirement account. For purposes of this section, the term "individual retirement account" means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the trust meets the following requirements:
> (1) Except in the case of a rollover contribution described in subsection (d)(3) in section 402(c), 403(a)(4), 403(b)(8), or 457(e)(16) [26 USCS § 402(c), 403(a)(4), 403(b)(8), or 457(e)(16)], no contribution will be accepted unless it is in cash, and

---

[6] Although in *Plunk* the retirement account at issue was a pension plan, the Court believes that in the context of defining "qualified," a pension plan is sufficiently analogous to an IRA, especially since both types of retirement accounts are specifically cited in Texas Property Code § 42.0021(a).

8

contributions will not be accepted for the taxable year on behalf of any individual in excess of the amount in effect for such taxable year under section 219(b)(1)(A) [26 USCS § 219(b)(1)(A)].

(2) The trustee is a bank (as defined in subsection (n)) or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other person will administer the trust will be consistent with the requirements of this section.

(3) No part of the trust funds will be invested in life insurance contracts.

(4) The interest of an individual in the balance in his account is nonforfeitable.

(5) The assets of the trust will not be commingled with other property except in a common trust fund or common investment fund.

(6) Under regulations prescribed by the Secretary, rules similar to the rules of section 401(a)(9) [26 USCS § 401(a)(9)] and the incidental death benefit requirements of section 401(a) [26 USCS § 401(a)] shall apply to the distribution of the entire interest of an individual for whose benefit the trust is maintained.

26 U.S.C. § 408(a) (2006).

If an IRA does not satisfy each of the above requirements, it "will not qualify or comply with the Internal Revenue Code." *Kirchen*, 344 B.R. at 913.[7] Even if an IRA does satisfy these threshold requirements, it may still be denied the preferential treatment accorded to retirement accounts. Section 408(d)(3)(C) of the Internal Revenue Code, entitled "Denial of rollover treatment for inherited accounts, etc.," singles out IRAs inherited by non-spouses for different tax treatment and specifically denies such IRAs the ability to receive or make rollovers. 26 U.S.C. § 408(d)(3)(C) (2006).

In the case at bar, although the Debtor calls his inherited IRA an IRA, pursuant to Internal Revenue Code § 408(d)(3)(C) it may not be received as a rollover or rolled over into another account. Moreover, the beneficiary may not make further contributions to the account, must take distribution within five years, and could take distribution at any time, of his own accord.[8] *Sims*, 241

---

[7] The Trustee has not alleged that the Debtor's IRA fails to satisfy the requirements under 26 U.S.C. § 408(a), nor has either party introduced any facts to put this matter at issue. The Court therefore need not reach this issue.

[8] The Debtor could have taken distribution from his inherited IRA over the rest of his life based on his life expectancy, but he would have had to start receiving distributions by the end of the year following his mother's death.

B.R. at 470; see also INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, PUBLICATION 590: INDIVIDUAL RETIREMENT ARRANGEMENTS (IRAs) 20, 35 (2006).

It is true that distribution from the Debtor's mother's IRA to his inherited IRA was a tax-deferred event, and that the IRA's subsequent increase in value has also been tax-deferred. On balance, however, the arguments against exempt treatment outweigh the arguments in favor. The cases from other jurisdictions regarding whether inherited IRAs may be claimed as exempt all interpret their respective state laws, but the crucial inquiry in each case was an examination of the Internal Revenue Code, and in each case the court concluded that "an inherited IRA is sufficiently different from an IRA so as to preclude its exemption from the bankrupt estate." *Navarre*, 332 B.R. at 31. The Court agrees with this analysis.

A brief summary of the cases from other jurisdictions may be instructive. In *Sims*, the debtor inherited a one-third interest in his father's IRA, and had taken two distributions prior to filing a Chapter 7 petition. *Sims*, 241 B.R. at 468. The court held that an inherited IRA was not entitled to exemption, because the debtor (a) could withdraw funds from the IRA at his discretion without penalty, and (b) was required to withdraw his entire interest within five years. *Id.* at 470. In *Navarre*, the debtor inherited a one-third interest in his mother's IRA, filed a Chapter 7 petition later that month, and shortly thereafter withdrew his entire interest. *Navarre*, 332 B.R. 25. The *Navarre* court, relying heavily on *Sims*, concluded that because the Internal Revenue Code treats an inherited IRA differently than one's own IRA, an inherited IRA is not exempt. *Id.* at 29-30.

---

Since he did not make that election, he must take distribution in full by the end of the fifth year following his mother's death, i.e., by the end of 2007. 26 U.S.C. § 401(9) (2006); 26 C.F.R. § 1-401(a)(9)-3 (2006).

In both *Kirchen* and *Taylor*, the respective debtors inherited IRAs within months after filing Chapter 7 petitions. *Kirchen*, 344 B.R. at 910; *Taylor*, 2006 WL 1275400 at 1. The *Kirchen* court held that the nature of the IRA changed upon the death of the donor from tax-deferred income into a source of immediately payable income, with required minimum distributions regardless of the debtor's age or retirement status; therefore it was no longer exempt. *Kirchen*, 344 B.R. at 914. The *Taylor* court held that IRS treatment of an IRA was the determining factor for exemption purposes, and an inherited IRA was treated differently: it was not exempt from being taxed as gross income under the IRC; no contributions could be made to it; and it could not be rolled over into another retirement plan.[9] *Taylor*, 2006 WL 1275400 at 2.

Finally, in *Greenfield*, the debtor inherited an IRA from her father, had taken regular distributions as required by the IRC, and two years later filed a Chapter 7 petition. *Greenfield*, 289 B.R. at 147. The Court held that because the debtor was primarily using the IRA for other than retirement purposes, it was not exempt. *Id.* at 150.

The Debtor in the case at bar distinguishes these prior cases by noting that many of them involved the debtors' early withdrawal of money from their respective accounts, while in the instant case the Debtor has not withdrawn any money from his account. However, the previous cases did not so much turn on the debtors' actual removal of money from the accounts as on the debtors' *ability* to remove the money at their own discretion and without penalty, and on the fact that they were required to do so within a short period of time and with no regard to their retirement status. The same rules apply to the Debtor's inherited IRA. Although he has not previously used the

---

[9] Note that an inherited IRA is in fact exempt from being taxed as gross income until the beneficiary withdraws money from the IRA, at which point the withdrawal becomes taxable as gross income.

proceeds for his living expenses, he could access them at any time, and must take them all within five years. The fact that the proceeds will be tax-deferred for those five years is a faint argument that the account is for the protection of his retirement income.[10]

## IV. CONCLUSION

In summary, the Court finds that an IRA inherited from someone other than a spouse may not be claimed as exempt from the bankruptcy estate. It is not a retirement plan. The beneficiary of an inherited IRA may not roll it over into another account, and may not make any contributions to it. Most importantly, the beneficiary can remove funds at any time, for any reason, and without penalty—and must either start taking lifespan-measured withdrawals within one year or take the entire amount within five years, regardless of the beneficiary's age. As such, an inherited IRA does not "qualify" under Texas Property Code § 42.0021. The mere fact of temporary tax deferral is insufficient.

---

[10] In support of his position, the Debtor also cites the Pension Protection Act (PPA), passed by Congress last August and effective as of December 31, 2006. Pension Protection Act, Pub L. No. 109-280, 120 Stat. 780 (2006). Section 829 of the PPA, entitled "Allow Rollovers by Nonspouse Beneficiaries of Certain Retirement Plan Distributions," adds a paragraph to Internal Revenue Code § 402(c) and includes one major change relevant to inherited IRAs. *Id.* at § 829(a)(1). Whereas previously only the transfer of a decedent's IRA could create an inherited IRA, now a trustee-to-trustee transfer of several types of retirement plans (i.e., not just IRAs but also employer-sponsored plans such as 403(a) plans, 403(b) plans, and 457(b) plans) may create inherited IRAs. *Id.*; INTERNAL REVENUE SERVICE, U.S. DEP'T OF THE TREASURY, MISCELLANEOUS PENSION PROTECTION ACT CHANGES, NOTICE 2007-7 § 5 (2007). The PPA only applies to distributions occurring after Dec. 31, 2006, and is not directly applicable to the instant case because distribution to the Debtor occurred before Dec. 31, 2006. Pension Protection Act at § 829(b). Arguably, the passage of the PPA slightly favors the Debtor's case, implying that Congress recognized that inherited IRAs allow beneficiaries some flexibility in how (or whether) to defer taxes on inherited funds. However, the PPA does nothing to change the tax treatment of inherited IRAs; rather, it only levels the playing field for more kinds of non-spouse beneficiaries, eliminating the somewhat harsh tax treatment of non-spouse beneficiaries of employer-sponsored retirement plans. (Prior to the passage of the PPA, non-spouse beneficiaries of employer-sponsored retirement plans typically had to take distribution either in a lump sum or within five years. *See, e.g.*, Pension Protection Act at § 829(a); 26 U.S.C. §§ 401(a), 403(a), 403(b), 457 (2006); 26 C.F.R. §§ 1.401, 1.403, 1.457.)

For the reasons set forth above, this Court sustains the Trustee's Amended Objection to the Debtor's Exemptions. A separate order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry on the docket of this Memorandum Opinion.

Signed this 3rd day of April, 2007.

Jeff Bohm
United States Bankruptcy Judge